# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| ROBIN GAYLE EAST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 11-3239-CV-S-RED |
| ) | Crim No. 09-3046-01-CR-S-RED |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Petitioner Robin Gayle East's ("East") Motion Under 28 USC § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1). For the following reasons, the Court **DENIES** Petitioner's Motion.

## BACKGROUND

On June 23, 2009, a federal grand jury returned a two-count indictment charging East with one count of conspiracy to distribute over 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). Prior to East's indictment, she consulted with attorney Donald Cooley ("Cooley") regarding requests from COMET Task Force Officers for her cooperation as COMET was interested in having East cooperate. Cooley requested copies of the reports regarding East's conduct and received copies of these reports, but did not respond to any further inquiries by the Government. Cooley was not hired by East to represent her when she was indicted.

On June 30, 2009, the Court appointed Marsha Jackson ("Jackson") to represent East. On July 31, 2009, East filed a motion for continuance which contained a waiver of speedy trial rights signed by East. The Court granted this motion for continuance. On August 6, 2009, East filed a motion to suppress which was denied on November 2, 2009. East filed a second motion for

continuance on November 4, 2009; this motion was granted and trial was rescheduled to February 16, 2010. On February 17, 2010, a jury found East guilty of conspiracy to distribute over 50 grams of methamphetamine, and, on July 1, 2010, East was sentenced to 72 months of imprisonment, followed by four years of supervised release.

On July 15, 2010, East filed a timely notice of appeal, but, then, filed a motion for dismissal of appeal which was granted. On April 29, 2011, East filed a *pro se* motion to appoint counsel and on June 9, 2011, she filed a motion for extension of time to file an appeal. Both of these motions were denied on July 5, 2011. On July 7, 2011, East's *pro se* § 2255 motion was filed in this Court; East filed no accompanying memorandum of law in support of her motion.

## ANALYSIS

East raises four grounds in her § 2255 motion. The grounds asserted are as follows: ineffective assistance of counsel with regards to Cooley; ineffective assistance of counsel with regards to Jackson; that her conviction was based on evidence obtained by an illegal search and seizure; and violation of the Speedy Trial Act when her attorney waived her right to a speedy trial. In response, the government argues that neither Cooley nor Jackson's performance as counsel was deficient and, further, did not prejudice East. Second, the government argues that East cannot raise her argument regarding the illegal search and seizure of evidence on appeal. Finally, the government argues that there was not a violation of the Speedy Trial Act as East signed a waiver of her speedy trial rights.

**I.      East has not met her burden showing that Cooley's or Jackson's performance as counsel was ineffective nor that she was prejudiced by Cooley's or Jackson's performance.**

East asserts that she was denied her Sixth Amendment right to effective assistance of counsel

from both Cooley and Jackson. In order to prove ineffective assistance of counsel, a petitioner must prove his or her counsel's "performance was deficient and that the deficiency prejudiced his defense." *Deltoro-Aguilera v. United States*, 625 F.3d 434, 437 (8th Cir. 2010). Deficient performance is defined as performance that "falls below the range of competence demanded of attorneys in criminal cases.'" *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010)(quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This standard also applies to ineffective assistance of counsel claims at the plea hearing stage. *Wright v. Van Patten*, 552 U.S. 120, 124 (2008).

The prejudice component focuses "on the question of whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Whitmore v. Lockhart*, 8 F.3d 614, 622 (8th Cir. 1993)(internal quotations omitted). Petitioner must "show more than that the attorneys' error had some conceivable effect on the outcome of the proceeding because not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Whitmore*, 8 F.3d at 622 (internal quotations omitted). Moreover, "an analysis focussing solely on mere outcome determination without attention to whether the result of the proceeding was fundamentally unfair or reliable is defective." *Id.* (internal quotations omitted).

East claims that Cooley misrepresented himself as her attorney prior to her indictment and, further, withheld cooperation and plea offers presented by the prosecution. She alleges that the withholding of these offers could have prevented her indictment and trial.

First, East never hired Cooley. Therefore, as Cooley was never retained as East's counsel, his counsel could not have been ineffective. Moreover, Cooley's performance was not so deficient

3

as to fall below the standard of reasonable competence. When Cooley asked East if she wanted to cooperate with the Government, East stated that she "had nothing to cooperate with." Thus, it appears that East had no intent of cooperating or entering into an agreement during the time she interacted with Cooley and, accordingly, Cooley's actions were not ineffective as East had indicated that she did not intend to cooperate. Finally, it should be noted that Cooley assisted East prior to her indictment. As the Sixth Amendment right to counsel does not attach until the defendant has been indicted, East's Sixth Amendment right could not have been violated by Cooley's assistance as her Sixth Amendment right had yet to mature. *Moran v. Burbine*, 475 U.S. 412, 430-431 (1986). For the above stated reasons, East has not met her burden of showing that her Sixth Amendment right to effective assistance of counsel was violated with regards to Cooley.

Moreover, "[t]he subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Though East is proceeding *pro se* and, thus, entitled to a liberal construction of her pleadings, she must still identify facts that support her claims of error. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). However, East's claim of ineffective assistance of counsel does not go beyond mere allegations, but, instead, consists of conclusory allegations. In fact, East did not even file an accompanying memorandum of law with her § 2255 motion. Therefore, East's claims lack the necessary specificity and her claim for ineffective assistance of counsel with regards to Cooley is meritless.

East additionally asserts that Jackson, her trial attorney, was ineffective as she withheld cooperation offers and refused to allow East to participate in her own defense by failing to call crucial witnesses. As East's claims against Cooley, East offers no facts to support her allegations

4

and, thus, East's claims against Jackson are merely conclusory and, thus, meritless.

Moreover, though East alleges that Jackson failed to call witnesses crucial to East's case, "defense counsel's decision not to call a witness is a virtually unchallengeable decision of trial strategy." *U.S. v. Orr*, 636 F.3d 944, 955 (8th Cir. 2011)(internal quotations omitted). Therefore, Jackson's counsel was not ineffective, especially because Jackson did call several witnesses on East's behalf. Finally, even if Jackson's counsel was ineffective, East was not prejudiced by Jackson's counsel as East received a fair trial where she was convicted of the crimes charged. Thus, the result of East's trial was not unreliable and East's claim for Jackson's ineffective assistance of counsel is meritless. For the above stated reasons, East has not met her burden of showing that her Sixth Amendment right to effective assistance of counsel was violated with regards to Jackson's counsel.

**II.    East's claim that evidence was unconstitutionally obtained should have been raised on appeal.**

East argues that evidence used to convict her at trial was obtained through an illegal search and seizure. However, Fourth Amendment claims of illegal search and seizure must be raised on direct appeal and, thus, cannot be addressed by a § 2255 motion. *Monteer v. Benson*, 574 F.2d 447, 449 (8th Cir. 1978)("allegations of illegal arrest, search and seizure . . . are not cognizable in a s 2255 proceeding."). Accordingly, this argument is meritless.

**III.   East's claim that her rights under the Speedy Trial Act were violated when her attorney waived her right to a speedy trial are meritless as East signed a waiver of speedy trial.**

East alleges that Jackson waived East's right to a speedy trial under the Speedy Trial Act, which was a federal violation. However, East signed a waiver of speedy trial which was attached to the July 31, 2009 motion for continuance. Thus, East waived her own right to speedy trial and

her claim is meritless.

Moreover, even if East did not waive her own right to speedy trial, East's proceedings did not violate the Speedy Trial Act. The Speedy Trial Act sets forth a time constraint of 30 days between an arrest and the filing of an indictment and, further, states that trial must begin within 70 days of the filing of the indictment or arraignment. 18 U.S.C. § 3161(b), (c)(1). East was indicted on June 23, 2009 and arrested on June 25, 2009 and, thus, was arrested within the 30 day time frame set forth by the Speedy Trial Act.

East was arraigned on July 10, 2009 and tried on February 26, 2010. Though this is outside of the 70 day limit set forth by the Speedy Trial Act, the Speedy Trial Act stipulates that certain delays should be excluded from the computation of the time constraints set forth within. These exclusions include delays resulting from a continuance granted by a judge if the judge granted such continuance on the basis that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(1), (h)(7). The Court granted East's motion to continue on July 31, 2009, at which time 21 days had passed since arraignment; this continued the trial until November 2. The Court then granted East's motion to continue on November 4, 2009, which continued the trial until February 16, 2010. Both of East's continuances were granted with the Court's finding that the ends of justice served by granting a continuance outweighed the best interest of the public and the defendant in a speedy trial. Accordingly, the period of delay resulting from East's continuances are excluded from the computation of time and, thus, East's speedy trial right was not violated.

**IV.     The Court will not hold an evidentiary hearing on any of East's claims.**

The Court will not conduct an evidentiary hearing on East's claims, as they are allegations

that are either "contradicted by the record, inherently incredible, or conclusions rather than statements of fact," or are allegations that even if they are accepted as true, do not entitle East to relief. *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011).

**V.    The Court will not grant a certificate of appealability on any claim.**

The final issue is whether the Court should grant or deny a certificate of appealability. If a § 2255 Motion is denied on procedural grounds, a certificate of appealability should be granted only if the petitioner can show both " 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). *See also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (applying this standard in a § 2255 action). East's claim that particular evidence was unconstitutionally obtained is procedurally barred and, therefore, a certificate of appealability should not be issued with respect to his claim. The merits of the East's remaining claims have been addressed. Moreover, the lack of evidence put forward by East in her ineffective assistance of counsel claims, along with the conclusory fashion in which the arguments are raised does not warrant a certificate of appealability. Accordingly, this Court will not issue a certificate of appealability on any ground.

## CONCLUSION

For the reasons above, Defendant's motion is **DENIED**. The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at: Robin Gayle East #21314-045, Federal Medical Center, Carswell, P.O. Box 27137, Ft. Worth, Texas 76127.

**IT IS SO ORDERED**.

DATED: November 8, 2011          */s/ Richard E. Dorr*
                                 RICHARD E. DORR, JUDGE
                                 UNITED STATES DISTRICT COURT